**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-17-01983-001-TUC-CKJ (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Virginia Ramos, | |
| Defendant. | |

Before the Court is Defendant Virginia Ramos' Motion to Release Defendant Pursuant to 18 U.S.C. § 3582(c). (Doc. 147) For the reasons that follow, Defendant's motion is denied, and this case remains closed.

**PROCEDURAL HISTORY**

On October 5, 2020, the Federal Public Defender filed a Motion for Appointment of Counsel Under General Order 20-28, requesting that the Court appoint CJA counsel to assist Defendant in seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). (Doc. 140) On October 6, 2020, the Court granted the Federal Defender's request and appointed Attorney D. Tyler Francis to assist Defendant with filing a motion for compassionate release. (Doc. 141) On January 4, 2021, Defendant filed a Motion to Release Defendant Pursuant to 18 U.S.C. § 3582(c) (Doc. 147); and on February 3, 2021, the Government filed its Response to Defendant's Motion for Compassionate Release (Doc. 154). No reply was filed. This Order follows.

**LEGAL STANDARD**

"In 2010, Congress enacted the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), to reduce the disparate treatment of offenders who dealt crack cocaine compared to offenders who dealt powder cocaine." *United States v. Kelley*, 962 F.3d 470, 471-72 (9th Cir. 2020) (internal citation omitted). On December 21, 2018, "[e]ight years after the Fair Sentencing Act, Congress enacted the First Step Act to implement various criminal-justice reforms." *Id*. at 472. "The Act was the culmination of several years of congressional debate about what Congress might do to reduce the size of the federal prison population while also creating mechanisms to maintain public safety." Timothy A. Scott & Larry A. Burns, *Ninth Circuit Criminal Handbook* § 14.18[3] (2020). Prior to the passage of the Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release.

Section 603(b) of the First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). The statute now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A).

A court's reduction of a sentence under 18 U.S.C. § 3582(c)(1)(A) is extraordinary and reserved for "compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60. The U.S. Court of Appeals for the Ninth Circuit has interpreted the First Step Act as "not permitting a plenary resentencing hearing" but instead allowing a district court to engage in a limited counterfactual inquiry. *Kelley*, 962 F.3d at 475-76. Notwithstanding a court's limited counterfactual inquiry, the Act itself grants federal courts broad discretion in determining whether to grant compassionate release. *See* First Step Act, § 404(c), 132 Stat. 5194, 5222

("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to his section."); *United States v. Parker*, 461 F. Supp. 3d 966, 974 (C.D. Cal. 2020) (internal quotation marks, alterations, and citation omitted) ("The FSA grants broad discretion to the district courts in providing relief.").

The United States Sentencing Commission has issued a Policy Statement that outlines the process through which a court may analyze a request for a sentencing reduction under the compassionate release statute. *See* U.S.S.G. 1B1.13. First, to the extent they are applicable, a court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Id*. Second, a court must find that either "extraordinary and compelling reasons" warrant a sentence reduction; or that the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). *Id*. Third, regardless of which determination the court has made in step two, it must find that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id*. Fourth, the court must also find that the reduction in sentence is consistent with the Commission's Policy Statement on the statute. *Id*.

"While § 3582(c) does not define 'extraordinary and compelling reasons,' the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all 'other reasons.' " *United States v. Partida*, No. CR-17-08260-001-PCT-DGC, 2020 WL 3050705, at *5 (D. Ariz. June 8, 2020); U.S.S.G. § 1B1.13, application notes 1(A)-(D).[1] In terms of serious medical conditions, "the Commission contemplated a medical condition from which the defendant is not expected to recover—one that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility.' " *United States v. Reed*, No. CR-15-08126-001-PCT-GMS, 2021 WL 268777, at *1 (D. Ariz. Jan. 27, 2021)

---

[1] There is no policy statement specifically applicable to motions for compassionate release filed by prisoners under the First Step Act. The current policy statement applies to motions for compassionate release filed by the BOP Director. *See* U.S.S.G. § 1B1.13 ("Upon motion of the Director of the Bureau of Prisons . . ."). However, courts are not precluded from using the criteria outlined in the statement to analyze motions under 18 U.S.C. § 3582.

(citation omitted). Examples of serious medical conditions include metastatic solid-tumor cancer, end-stage organ disease, and advanced dementia. U.S.S.G. § 1B1.13, application note 1(A). "Rehabilitation of the defendant alone [is not] considered an extraordinary and compelling reason for compassionate release." 28 U.S.C. § 994 (2006) (quotation marks omitted). The defendant bears the burden of bringing forward evidence that establishes an entitlement to a sentence reduction. *United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020).

## ANALYSIS

Defendant is fifty-four years old, suffers from anxiety, high blood pressure, asthma, and unspecified "liver issues." (Doc. 147 at 3). Defendant contracted the COVID-19 virus while incarcerated during the pendency of the request at hand. *Id.* On November 13, 2018, Defendant pleaded guilty to one count of Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3), and was later sentenced by this Court to 36 months incarceration followed by 36 months of supervised release. To date, Defendant has served 21 months of her 36-month term of incarceration.

In August 2016, Defendant traveled from her home in Mesa, Arizona, to Taylor, Michigan, to purchase a vehicle that would later be used to illegally transport 11 kilograms of heroin from Mexico to the United States. *See* Doc. 86 at 8. Defendant handed over the currency to purchase the vehicle, participated in purchase negotiations, and took physical custody of the vehicle from the dealership. *Id.* While Defendant expressed remorse for her actions at sentencing, it is unclear that she accepted full responsibility, as she placed much of the blame for the transaction on a Mexican "Don Juan" who allegedly manipulated her into purchasing the car.

Defendant brings the motion at hand asking that the Court reduce her sentence to time served or allow her to serve the remainder of her sentence on home confinement because she is concerned that should she have a serious relapse, she will not be treated sufficiently or in time. (Doc. 147 at 3) Defendant also states that she has less than a year before her release and that she is concerned about surviving the remainder of her sentence.

*Id*. at 4. Defendant summarizes her motion for compassionate release by asserting that "she is at serious risk for continued health problems or even death due to the illness, a sentence well beyond any contemplated by the Court or the [p]arties." *Id*. at 8.

In response to Defendant's motion, the Government asserts that Defendant's request should be denied, as she has failed to demonstrate extraordinary and compelling reasons warranting her immediate release. (Doc. 154 at 1) The Government highlights the fact that Defendant has omitted indication of any medical condition identified by the CDC which would put her at a higher risk for severe illness. *Id.* It also states that she failed to include any other medical condition which would constitute an extraordinary and compelling reason warranting her immediate release. *Id*. The Government concludes by asserting that the § 3553(a) factors do not weigh in Defendant's favor, either. *Id*.

The Court agrees with the Government and finds that Defendant has failed to demonstrate an extraordinary and compelling reason for her early release from prison. While Defendant asserts that she suffers from several severe medical conditions, she has failed to offer any substantiation that those conditions are serious enough to mandate early release. The CDC indicates that adults with asthma and high blood pressure "*might be at an increased risk* for severe illness from the virus that causes COVID-19," as opposed to other, more serious, health conditions which definitively put adults at an increased risk of severe illness from the virus.[2] The CDC guidelines are coupled with the fact that Defendant has already caught the virus and has failed to provide any documentation that any "long-term effects" have detrimentally impacted her health.

The Sentencing Commission fails to mention any guidance which would indicate that any of the conditions from which Defendant suffers is serious enough to necessitate a sentence reduction. *See* U.S.S.G. § 1B1.13. This information, in addition to the § 3553(a) factors outlined during Defendant's sentencing hearing, which include the Court's findings that her offense was more than just a spur of the moment decision, that she knew before making a trip across the country that the purpose of the trip was to purchase a vehicle to be

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 1, 2021).

- 5 -

used in drug trafficking, and that her sentence needed to reflect the magnitude of her crime, weigh against a reduction of Defendant's current sentence. Accordingly, Defendant's request for compassionate release is denied.

**IT IS ORDERED:**

1.  Defendant's Motion to Release Defendant Pursuant to 18 U.S.C. § 3582(c) (Doc. 147) is DENIED.

2.  This case remains closed.

Dated this 2nd day of March, 2021.

_____
Honorable Cindy K. Jorgenson
United States District Judge